# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KIM LESLIE, | ) |
| Petitioner, | ) ) ) |
| v. | ) 5:09-CV-923-VEH-JEO |
| WARDEN FRANK ALBRIGHT and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in the custody of the State of Alabama. *See* 28 U.S.C. § 2254. Upon consideration of the matter, the court finds it is due to be dismissed with prejudice.

## DISCUSSION

The petitioner, Kim Leslie, filed the current habeas corpus petition on April 17, 2009, in the United States District Court for the Middle District of Alabama. (Doc. 1). It was transferred to this court on May 11, 2009. The petitioner challenges the application of the Habitual Felony Offender Act and the amount of jail credit awarded her by the Circuit Court of Madison County, Alabama, on her 2007 convictions for arson and extortion. *Id*.

On May 14, 2009, the magistrate judge assigned this matter entered an order providing, in part, as follows:

> the court concludes that the petition appears to be time-barred under the applicable one-year statute of limitations of 28 U.S.C. § 2244(d)(1). Therefore, the court hereby **ORDERS** that, **within thirty (30) days of the entry of this order**, the petitioner shall file with the court any and all evidence and argument that would **SHOW CAUSE** why her § 2254 habeas petition is not due to be dismissed as untimely. **SHOULD THE PETITIONER FAIL TO COMPLY, SHE IS ADVISED THAT HER PETITION WILL BE SUBJECT TO DISMISSAL WITHOUT FURTHER NOTICE**.

(Doc. 3 at 5 (emphasis in original)). The petitioner has failed to respond to the court's order.

As noted by the magistrate judge:

> . . . . In her petition, [Leslie] contests the length of her sentence, arguing that she was improperly sentenced as a habitual offender, because her first predicate offense, she says, was only a Class "C" felony. (Pet. ¶ 12(a)). It would appear from the face of the petition, however, that her claim is barred by the applicable one-year statute of limitations of 28 U.S.C. § 2244(d)(1), and the court will therefore order the petitioner to show cause why the petition is not due to be dismissed as untimely.
>
> A federal district court is authorized to entertain an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Once a petition is properly filed, the judge assigned to the case "must promptly examine it," and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Habeas Cases under § 2254. Further, while district courts are not obligated to so, they are permitted to consider, sua sponte, the timeliness of a § 2254 petition, even after the pre-answer, initial screening stage of the proceeding, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal on such ground. *Day v. McDonough*, 547 U.S. 198, 207-10 (2006).

A one-year period of limitation applies to Leslie's instant § 2254 habeas petition challenging her state-court judgment of conviction, commencing from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).

> To decide whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, we must determine "(1) when the [collateral] motion was filed and (2) when [the] 'judgment of conviction' became final." *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). A pro se petitioner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, we will presume that the petition was delivered on the date the petition was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Where a defendant is convicted in a state trial court and she fails to pursue any direct appeal, her conviction is considered "final" for purposes of § 2244(d)(1)(A) when the time lapses under state law for the defendant to have filed an appeal, which in Alabama is 42 days after sentencing. *See id.*, 560 F.3d at 1228; *see also* Rule 4(b)(1), ALA. R. APP. P.

Leslie's petition states that she was convicted and sentenced on December 19, 2007. (Pet. ¶ 2). It appears from the petition that Leslie acknowledges that she did not pursue any appeal or any post-conviction

relief in the Alabama state courts. Accordingly, her conviction became final 42 days after sentencing, on January 30, 2008, and the one-year limitations period of § 2244(d)(1) expired on January 30, 2009. Leslie's § 2254 petition was actually received and formally filed by the court clerk in the Middle District on April 20, 2009, but her petition is deemed filed April 17, 2009, the date that Leslie signed the petition and she placed it in the prison mailing system. (*See* Pet. at 16). But even under that earlier date, Leslie's petition was filed more than one year after her conviction became final, rendering the petition untimely under § 2244(d)(1).

The court recognizes that once the statute of limitations is triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). The statutory tolling provision is 28 U.S.C. § 2244(d)(2), which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Equitable tolling of the limitations period may apply "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1332 (11th Cir. 2008) (quoting *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006)); *see also Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008).

It is evident from the petition that statutory tolling does not apply, because Leslie admits she did not seek post-conviction remedies in the Alabama courts. It also appears clear that equitable tolling does not apply, either. The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). The Eleventh Circuit has "emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'" *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (quoting *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curiam)). In her petition, Leslie seeks to excuse her untimely filing based upon a claim that, following her

conviction, she was simply unaware until recently of her legal rights, remedies, or responsibilities. (*See* Pet. ¶¶ 12(b), 18). Such demonstrates a lack of diligence on the petitioner's part and belies any claim of extraordinary circumstances that might give rise to equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) ("[T]his Court has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect."); *see also Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations [of 28 U.S.C. § 2244(d)(1)].").

(Doc. 3 at 2-5).

Premised on the foregoing, and the petitioner's failure to respond, the court finds that the present petition for a writ of habeas corpus is due to be denied as being barred from review by the applicable statute of limitations.

## CONCLUSION

In accordance with the foregoing, the petition for a writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE** this the 29th day of June, 2009.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge